ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT

FEB - 8 2001

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

Priority    X
Send    X
Enter    X
Closed _____
JS-5/JS-6   NO
JS-2/JS-3 _____
Scan Only _____

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT 10 INC.,<br>A California corporation,<br><br>                Plaintiff,<br><br>     v.<br><br>BRAINSTORM SOFTWARE, INC.; and<br>RUSSELL A. YAPPEL, an individual,<br><br>               Defendants. | CV-00-11959 LGB (SHx)<br><br><br>ORDER GRANTING IN PART AND<br>DENYING IN PART MOTION TO<br>DISMISS; ORDER DENYING<br>MOTION TO TRANSFER |

## I.  INTRODUCTION

Plaintiff Perfect 10, Inc. ("Perfect 10") filed this action against Defendants Brainstorm, Inc. ("Brainstorm"), and Russell A. Yappel ("Yappel") based on Defendants' alleged infringement upon Plaintiff's copyrighted material.  Defendants bring a motion to dismiss based on lack of personal jurisdiction and improper venue, and a motion to transfer.

✓ Docketed
✓ Copies / NTC Sent
No JS - 5 / JS - 6          FEB 0 9 2001
___ JS - 2 / JS - 3
___ CLSD

ENTERED
CLERK, U.S DISTRICT COURT

FEB - 9 2001

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

21

1  II.  **FACTUAL BACKGROUND**

2      Plaintiff is a California corporation which produces,

3  publishes and distributes Perfect 10 products and services,

4  including Perfect 10 magazine and an Internet website at

5  <www.perfect10.com>.  See Pl.'s Mem. Opp'n Defs.' Mot. Dismiss at

6  2.  Plaintiff's website, <www.perfect10.com>, displays

7  Defendant's products, including copyrighted photographs of nude

8  models.  See id.  Defendant Brainstorm is an Ohio corporation

9  which operates an Internet website at <www.heavenly-body.com>.

10  See Defs.' Am. Mem. Supp. Mot. Dismiss at 3.  Defendant Yappel is

11  the sole shareholder, and sole director and officer of

12  Brainstorm.  See id.  Brainstorm charges users a fee in exchange

13  for access to its members-only section of its website, which

14  contains photographs of nude male and female models and

15  celebrities.  See id.  Plaintiff alleges that both Brainstorm and

16  Yappel have copied Plaintiff's copyrighted works, and are

17  publishing and displaying these works on their website.  See id.

18      Defendants' website is accessible in California.  See Yappel

19  Decl. at 2, ¶ 8.  At all times relevant to this action,

20  Defendants' website allegedly had no greater than 586 subscribers

21  worldwide, of which 55 were California subscribers.  See id. at

22  2, ¶¶ 7-8.  Defendants claim that Brainstorm has never advertised

23  its website in California, nor has it targeted its activities

24  towards residents of California.  See id. at 2, ¶ 12.  Defendants

25  allege that any information concerning Brainstorm's website's

26  design, layout, content, and operation is located in Ohio.  See

27  id. at 3, ¶ 14.

28

                              - 2 -

1   Defendant Yappel claims that he is a resident of Ohio.   <u>See</u>
2   <u>id.</u> at 1, ¶ 1.   Yappel also contends that he has never traveled
3   to California in either an individual capacity or on behalf of
4   Brainstorm.   <u>See</u> <u>id.</u> at 2, ¶ 9.   Furthermore, Yappel alleges that
5   he has no personal or business contacts with California.   <u>See</u> <u>id.</u>
6   at 2, ¶ 10.

7   **III. PROCEDURAL BACKGROUND**

8       On or about November 8, 2000, Plaintiff filed this action
9   alleging copyright and contributory infringement against each of
10  the Defendants pursuant to 17 U.S.C. §§ 501 et seq.   <u>See</u> Defs.'
11  Am. Mem. at 3.   Defendants filed a motion to dismiss on January
12  5, 2001, and an amended motion to dismiss on January 12, 2001.
13  Plaintiffs filed an Opposition on January 16, 2001.   Defendants
14  filed a reply on February 5, 2001.

15    Defendants present the following issues: (1) whether the Court
16  has personal jurisdiction over Defendants; (2) whether venue is
17  proper in the Central District of California; and (3),
18  alternatively, whether transfer of venue to the Northern District
19  of Ohio is proper.

20  **IV.   LEGAL STANDARD**

21      **A. PERSONAL JURISDICTION**

22      California Code of Civil Procedure, Section 410.10 grants
23  "[a] court of this state . . . jurisdiction on any basis not
24  inconsistent with the Constitution of this state or of the United
25  States."   Cal. Civ. Proc. Code § 410.10 (West 1998).   The effect
26  of this statute is to allow state courts, as well as federal
27  courts, to exercise personal jurisdiction on any basis allowable
28

1  under the State and United States Constitutions.  See Rocke v.
2  Canadian Auto. Sport Club, 660 F.2d 395, 398 (9th Cir. 1981).

3        Absent one of the traditional bases for jurisdiction (in-
4  state presence, domicile, or consent) the Constitution requires
5  that the defendant have "certain minimum contacts with [the forum
6  state] such that the maintenance of the suit does not offend
7  traditional notions of fair play and substantial justice."
8  International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).
9  The purpose of the minimum contacts requirement is to protect the
10  defendant against the burdens of litigating in a distant or
11  inconvenient forum, and to ensure that states do not reach out
12  beyond the limits of their sovereignty imposed by their status in
13  a federal system.  See World-Wide Volkswagen Corp. v. Woodson,
14  444 U.S. 286, 291 (1980).

15        If a defendant is domiciled in the forum state, or its
16  activities there are "substantial, continuous and systematic," a
17  federal court may exercise jurisdiction as to any cause of
18  action, even if unrelated to the defendant's activities within
19  the state.  See Perkins v. Benguet Consol. Mining Co., 342 U.S.
20  437, 445 (1952).  This form of personal jurisdiction is known as
21  general jurisdiction.  See id.  However, even if a nonresident
22  defendant's contacts with the forum state are not sufficiently
23  "continuous and systematic" for general jurisdiction, it may
24  still be subject to jurisdiction on claims related to its
25  activities or contacts there.  See Burger King Corp. v.
26  Rudzewicz, 471 U.S. 462, 477-78 (1985).  This form of personal
27  jurisdiction is known as limited jurisdiction.  See id.  The
28

- 4 -

1    Ninth Circuit applies a three part test to determine if a

2    defendant's activities are sufficiently related to the forum

3    state to establish limited personal jurisdiction:

4          (1) The nonresident defendant must do some act or

5          consummate some transaction with the forum or perform

6          some act by which he purposefully avails himself of the

7          privilege of conducting activities in the forum,

8          thereby invoking the benefits and protections of its

9          laws;

10         (2) the claim must be one which arises out of or

11         results from the defendant's forum-related activities;

12         and

13         (3) exercise of jurisdiction must be reasonable.

14   Omeluck v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th

15   Cir. 1995); Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 416

16   (9th Cir. 1997); See Colt Studio, Inc. v. Badpuppy Enterprise, 75

17   F.Supp.2d 1104, 1112 (C.D. Cal. 1999).

18         **B. VENUE**

19         Motions to dismiss for improper venue are properly brought

20   under Federal Rule of Civil Procedure 12(b)(3).  See Fed. R. Civ.

21   P. 12(b)(3).  In an action based on violation of federal

22   copyright law, 28 U.S.C. § 1400 is determinative of proper venue.

23   See Colt, 75 F.Supp.2d at 1112.  Section 1400(a) provides:

24         Civil actions, suits, or proceedings arising under any

25         Act of Congress relating to copyrights or exclusive

26         rights in mask works or designs may be instituted in

27         the district in which the defendant or his agents

28

- 5 -

1  resides or may be found.

2  28 U.S.C. § 1400.  For purposes of § 1400, "a defendant 'may be

3  found' wherever personal jurisdiction is proper.  See Colt, 75

4  F.Supp.2d at 1112.

5      When the defendant challenges venue, the plaintiff bears the

6  burden of establishing that venue is proper in the district in

7  which the action has been brought.  See Grantham v. Challenge-

8  Cook Bros. Inc., 420 F.2d 1182, 1184 (7th Cir. 1969); Airola v.

9  King, 505 F.Supp. 30, 31 (D. Az. 1980).

10     When a court determines that venue is improper, it "shall

11 dismiss, or if it be in the interest of justice, transfer such

12 case to any district or division in which it could have been

13 brought."  28 U.S.C. § 1406(a).  The decision whether a transfer

14 or a dismissal is in the interest of justice rests within the

15 sound discretion of the court.  See Cook v. Fox, 537 F.2d 370,

16 371 (9th Cir. 1976).

17     **C. Transfer of Venue**

18     Transfer of venue is governed by 28 U.S.C. § 1404, which

19 states in pertinent part: "For the convenience of parties and

20 witnesses, in the interest of justice, a district court may

21 transfer any civil action to any other district or division where

22 it might have been brought."  See 28 U.S.C. § 1404(a).  In order

23 to transfer, the Court must first determine that the transferee

24 court is one in which the action might originally have been

25 brought.  See Colt, 75 F.Supp.2d at 1112.  The Ninth Circuit has

26 held that three factors should then be considered: (1) the

27 convenience of the parties; (2) the convenience of witnesses; and

28

1  (3) the interest of justice.  See A.J. Industries, Inc. v. United

2  States Dist. Court for the Cent. Dist., 503 F.2d 384, 386-87 (9th

3  Cir. 1974).  Moreover, "unless the balance of factors is strongly

4  in favor of the defendants, the plaintiff's choice of forum

5  should rarely be disturbed."  Securities Investor Protection

6  Corp. v. Vigman, 764 F.2d 1309,1317 (9th Cir. 1985).

7  **V.   ANALYSIS**

8     **A. Personal Jurisdiction**

9          1. Personal Jurisdiction Over Defendant Brainstorm

10     Defendants argue that this Court does not have personal

11  jurisdiction over them because Plaintiff cannot establish one of

12  the traditional bases for jurisdiction (in-state presence,

13  domicile, or consent), nor can Plaintiff prove that Defendants

14  have sufficient "minimum contacts" in California for personal

15  jurisdiction to exist.  See Defs.' Am. Mem. at 6.  Plaintiff

16  argues, however, that while it cannot establish general

17  jurisdiction over Defendants, it can prove that this Court has

18  specific jurisdiction over Defendants.  See Pl.'s Opp'n at 1.  In

19  order to determine whether Defendants have sufficient "minimum

20  contacts" in California for personal jurisdiction to exist, the

21  Court must turn to the three part test applied by the Ninth

22  Circuit.  See Omeluck, 52 F.3d at 270; Cybersell, 130 F.3d at

23  416; Colt, F.Supp.2d at 1112.

24               a. Purposeful Availment

25     The first part of the test requires the Court to consider

26  whether the defendant has performed some act with the forum "by

27  which he purposefully avails himself of the privilege of

28

- 7 -

1   conducting activities in the forum, thereby invoking the benefits

2   and protections of its laws."  See Omeluck, 52 F.3d at 270.

3   Plaintiff analogizes to Colt in support of a finding of

4   "purposeful availment."

5        In Colt, Plaintiff, a California corporation, alleged

6   copyright infringement against Defendant, who operated a website

7   in Florida.  See Colt, 75 F.Supp.2d at 1106.  Defendant's website

8   allowed subscribers to purchase memberships allowing them to view

9   photographs of nude models.  See id.  Defendant had 17,000

10  worldwide subscribers of which 2,100 (or approximately 12%) were

11  California residents.  See id.  Therefore, approximately twelve

12  percent of the Defendant's revenue was generated from the sale of

13  subscriptions to Californians.  See id.  The Court's evaluation

14  of whether personal jurisdiction existed was based on "the nature

15  and quality of the commercial activity that an entity conducts

16  over the Internet."  See id. at 1108.  Using this standard, the

17  Court found that the purchase of memberships by California

18  residents created a contractual relationship between Defendant

19  and its Californian subscribers, and "[as] such, [Defendant had]

20  purposely availed itself of this forum."  See id. at 1110.  The

21  Court concluded that the first part of the test had been

22  satisfied, and personal jurisdiction existed over Defendant.  See

23  id.

24       In the instant case, Defendant Brainstorm's website had a

25  total of 586 subscribers during the pertinent period.  See Yappel

26  Decl. at 2, ¶¶ 7-8.  Of the 586 subscribers, 55 subscribers (or

27  approximately 9%) were residents of California.  See id.

28

1  Therefore, Brainstorm generates approximately nine percent of its
2  revenue from the sale of subscriptions to Californians.  See id.
3  Furthermore, Brainstorm has a contractual relationship with its
4  subscribers analogous to that of the Colt defendant's.   In light
5  of the fact that approximately nine percent of its subscriber
6  base resides in California, the Court concludes that Defendant
7  Brainstorm has purposefully availed itself of this forum.

8       Defendants attempt to distinguish Colt.   According to
9  Defendants, a customer base of 55 Californian subscribers, and
10 California revenues of $623.00 are insufficient contacts under
11 the standard established in Colt.  See Defs.' Am. Mem. at 6.
12 However, in Colt, the evaluation centered on the relative
13 percentage of the Defendant's business in the forum state, rather
14 than the absolute number of subscribers.  See Colt, 75 F.Supp.2d
15 at 1106.   The instant case is analogous to Colt because nine
16 percent of Brainstorm's business is derived from California
17 subscribers.  See Defs.' Am. Mem. at 6; compare Colt, 75
18 F.Supp.2d at 1106 (finding purposeful availment where 12% of
19 defendant's business was generated in California).   Therefore,
20 Defendants' attempt to distinguish Colt fails.

21                    b. Forum-Related Activities

22      The second prong of the test states that "the claim must be
23 one which arises out of defendant's forum-related activities."
24 Omeluck, 52 F.3d 270.  Plaintiff's claim centers on Defendant's
25 allegedly unlawful copying and display of Plaintiff's copyrighted
26 photographs on Brainstorm's website.  See Pl.s' Opp'n at 6.
27 Furthermore, the photos were available to be viewed in
28

1   California.  See id.  Therefore, Plaintiff's claim of copyright

2   infringement arises out of Defendant's forum-related activities.

3                     c. Reasonableness

4       In support of its argument that personal jurisdiction is

5   reasonable, Plaintiff notes the seven factors used by the Ninth

6   Circuit to determine reasonableness as it relates to personal

7   jurisdiction.  See Pl.'s Opp'n at 7.  Those factors, as stated in

8   Panavision v. Toeppen, are:

9       (1) the extent of a defendant's purposeful interjection;

10      (2) the burden on the defendant in defending in the forum;

11      (3) the extent of conflict with sovereignty of the

12      defendant's state;

13      (4) the forum state's interest in adjudicating the dispute;

14      (5) the most efficient judicial resolution of the

15      controversy;

16      (6) the importance of the forum to the plaintiff's interest

17      in convenient and effective relief; and

18      (7) the existence of an alternative forum.

19  See Panavision, 141 F.3d 1316, 1323.  The Panavision Court

20  specifies that no one factor is dispositive.  See id.  Plaintiff

21  argues that based on these factors, the exercise of personal

22  jurisdiction over Defendants is proper.  See Pl.'s Opp'n at 7.

23      First, the existence of 55 subscribers to the Brainstorm

24  website, and the display of the copied photographs in California

25  is evidence of "purposeful interjection."  See id.  Second, the

26  inconvenience of Defendants to litigate in California is not "so

27  great as to deprive [them] of due process," because of the

28

                              - 10 -

1   availability of affordable airfare, fax machines, and the like.

2   See Panavision, 141 F.3d at 1323 (stating that "in this era of

3   fax machines and discount air travel, requiring [defendants] to

4   litigate in California is not constitutionally unreasonable");

5   Pl.'s Opp'n at 7.   It is not unreasonable for Defendants to make

6   themselves available for litigation in California.   Nor is it

7   unreasonable to litigate in California as the subject matter of

8   this litigation is Internet material which is easily transported

9   to and acquired in California.   Third, since Plaintiff's

10  copyright claim is based on federal law, its analysis would be

11  the same in either California or Ohio.   See Pl.'s Opp'n at 7.

12  Fourth, the brunt of the harm resulting from the infringement

13  occurs in California, where the Plaintiff resides, and California

14  "maintains a strong interest in providing an effective means for

15  redress for its residents."   See Colt 75 F.Supp.2d at 1110,

16  quoting Gordy v. Daily News, L.P., 95 F.3d 829, 836 (9th Cir.

17  1996).   Fifth, Defendant cannot point to any heightened judicial

18  economy from litigating the claim in Ohio.   See id.   Sixth, it

19  would be unreasonable to require Plaintiff to protect its

20  copyrights by filing lawsuits in the several states in which

21  defendants reside.   See id. at 8.   Finally, although an alternate

22  forum exists in Ohio, this fact alone is insufficient for a

23  finding of unreasonableness.   See id.   Based on the

24  aforementioned, the Court concludes that the exercise of personal

25  jurisdiction over Defendants by this Court is reasonable.   See

26  id.

27      Based on the above analysis, the Court finds that Defendant

28

- 11 -

1  Brainstorm has purposefully availed themselves of the privilege
2  of conducting activities in California, Plaintiff's claim arises
3  out of Defendants' activities in California, and the exercise of
4  personal jurisdiction over Defendant Brainstorm is reasonable.
5  Therefore, the Court DENIES Defendant's motion to dismiss based
6  on a lack of personal jurisdiction as to Defendant Brainstorm.

7        2. Personal Jurisdiction Over Defendant Yappel
8        Defendants argue that personal jurisdiction cannot be
9  exercised over Defendant Yappel.  The mere fact that a
10  corporation is subject to local jurisdiction does not necessarily
11  mean its nonresident officers, directors, agents, and employees
12  may be sued locally as well.  See Calder v. Jones, 465 U.S. 783,
13  790 (1984); Davis v. Metro Prod., Inc., 885 F.2d 515, 521 (9th
14  Cir. 1989).  For jurisdictional purposes, the acts of corporate
15  officers and directors in their official capacities are the acts
16  of the corporation exclusively, and are thus not material for
17  purposes of establishing minimum contacts as to the individuals.
18  See Shearer v. Superior Court, 70 Cal. App. 3d 424, 430 (1977).
19  Implicit in this principle is the consideration that corporations
20  are separate legal entities that cannot act on their own, but
21  must do so through their appointed representatives.  See Mihlon
22  v. Superior Court, 169 Cal. App. 3d 703, 713 (1985).
23  Accordingly, acts performed by these individuals, in their
24  official capacities, cannot reasonably be attributed to them as
25  individual acts creating personal jurisdiction.  See id.
26        However, the individual defendant may be found to be the
27  "alter ego" of the corporation, and as such, is also amenable to
28

- 12 -

1 personal jurisdiction in this forum.  If the corporation is the
2 "alter ego" of the individual defendants so as to justify
3 disregard of the corporate entity, then a finding of personal
4 jurisdiction over the corporation will support a finding of
5 personal jurisdiction over the individuals.  <u>See</u> <u>Flynt Distrib.</u>
6 <u>Co.</u>, 734 F.2d at 1393; <u>Sheard v. Superior Court</u>, 40 Cal. App. 3d
7 207, 210 (1974).

8      In order to prevail on an alter ego theory, plaintiff must
9 make a prima facie case "(1) that there is such unity of interest
10 and ownership that the separate personalities of [Brainstorm and
11 Yappel] no longer exist and (2) that failure to disregard [their
12 separate identities] would result in fraud or injustice." <u>Flynt</u>,
13 734 F.2d at 1393.  In <u>Flynt</u>, the plaintiff made a prima facie
14 showing of an alter ego relationship by submitting affidavits
15 indicating that the two sole shareholders of several corporations
16 had converted corporate assets for their own use, had dealt with
17 the various corporations as if they were one, and had transferred
18 assets among the corporations, leaving some of them
19 undercapitalized.  <u>See</u> <u>id.</u> at 1393-94.

20      Plaintiff makes no allegations in its complaint that Yappel
21 is the "alter-ego" of Brainstorm.  Plaintiff alleges in its
22 complaint only that Yappel is the president of Brainstorm. <u>see</u>
23 Compl. at 2. ¶ 4.  This allegation is insufficient on its own to
24 establish a prima facie showing that an alter ego relationship
25 exists between the individual defendant and the corporation.

26      Plaintiff, however, argues that the exercise of personal
27 jurisdiction over Yappel is proper because he "purposely directed
28

1  [his] actions towards [California]." See Davis, 885 F.2d at 522-

2  23.   In Calder v. Jones, the Supreme Court held that employees'

3  contacts with a forum state "are not to be judged by the their

4  employer's activities there. . . .  Each defendant's contacts

5  with the forum state must be assessed individually." See 465

6  U.S. 783, 790(1984).  Therefore, Plaintiff must show that

7  Defendant Yappel, as an individual, has minimum contacts with

8  California in order for personal jurisdiction to be exercised.

9      This Court, in Colt, held that while personal jurisdiction

10 existed over the corporate defendant, the individual defendants

11 lacked sufficient contacts with the forum state to warrant the

12 exercise of personal jurisdiction over them.  See Colt, 75

13 F.Supp.2d at 1111.  In Colt, the individual defendants claimed

14 they did not transact business in the forum state, any

15 interaction with the forum state was strictly as agents of their

16 employer, and that they lived continuously outside the forum

17 state.  See id.  In the instant case, Defendant Yappel alleges

18 that he has never traveled to California, that he has no

19 commercial activity in California, and that he does not maintain

20 contact with any individuals from California.  See Defs.' Am.

21 Mem. at 9.  Furthermore, Defendants claim that any activities of

22 Defendant Yappel in connection with Brainstorm's activities in

23 California were performed by Yappel in the course and scope of

24 his employment.  See id. at 8.  Therefore, this Court does not

25 have personal jurisdiction over Defendant Yappel, and the Court

26 GRANTS the motion to dismiss as to Defendant Yappel.

27

28

1

2      **B. Venue**

3      Defendants claim that this action should be dismissed

4  because of improper venue.  See Defs.' Am. Mem. at 9.  In actions

5  arising under federal copyright law, as in the instant action, 28

6  U.S.C. § 1400 governs the Court's inquiry.  Section 1400 states:

7          Civil actions, suits, or proceedings arising under any

8          Act of Congress relating to copyrights or exclusive

9          rights in mask works or designs may be instituted in the

10         district in which the defendant or his agent resides or

11         may be found.

12  28 U.S.C. § 1400.  For purposes of § 1400, "a defendant 'may be

13  found' wherever personal jurisdiction is proper.  See Colt, 75

14  F.Supp.2d at 1112.  As the Court has already concluded that

15  personal jurisdiction over Defendant Brainstorm exists in this

16  district, Defendant Brainstorm can be deemed to be "found" in

17  this district.  Therefore, venue in this district is proper, and

18  Defendants' motion to dismiss based on improper venue is DENIED.

19     **C. Transfer of Venue**

20         Defendants argue, in the alternative, that the case should

21  be transferred to the Northern District of Ohio.  See Def. Am.

22  Mem. at 10.  As a threshold matter, the Court must first

23  determine whether the transferee court is one where the action

24  could originally have been brought.  See Colt, 75 F.Supp.2d at

25  1112.  An action, based on either diversity or federal question

26  jurisdiction, may be brought in a district in which any defendant

27  resides.  See 28 U.S.C. § 1391.  Both Defendant Brainstorm and

28  Defendant Yappel reside in the Northern District of Ohio.  See

- 15 -

1   Defs.' Am. Mem. at 3.  Therefore, this action may originally have

2   been brought in that district.

3       In order to determine whether transfer to the Northern

4   District of Ohio is proper, the Court must utilize the three

5   factor test formulated by the Ninth Circuit.  See A.J. Indus.,

6   503 F.2d 386-87.  Moreover, "unless the balance of factors is

7   strongly in favor of the defendants, the plaintiff's choice of

8   forum should rarely be disturbed."  Securities Investors

9   Protection, 764 F.2d at 1317.  First, the convenience of the

10  parties must be considered.  See id.  Defendants contend that the

11  convenience of the parties weighs in favor of transfer to the

12  Northern District of Ohio because both Defendants reside in Ohio.

13  See Defs.' Am. Mem. at 10.  Defendants further argue that unless

14  the case is transferred, Defendants would be financially unable

15  to present an adequate defense because of the extensive travel

16  required.  See id.

17      Plaintiff, however, argues that while it may be more

18  convenient for Defendants to litigate this action in Ohio, a

19  transfer would create substantial inconvenience to Plaintiff.

20  See Pl. Opp'n at 13.  In Chemical Waste Management, Inc. v. Sims,

21  the court held that "[t]ransfer is inappropriate if it merely

22  'transforms an inconvenience for one party into an inconvenience

23  for the other party."  See 870 F.Supp 870, 876 (N.D. Ill. 1994).

24  As such, the Court concludes that the relative convenience of the

25  parties does not weigh in favor of a transfer to the Northern

26  District of Ohio.

27      Second, the Court must consider the convenience of the

28  witnesses.  See A.J. Indus., 503 F.2d 386-87.  Plaintiff argues

1   that transfer to Ohio would be of great inconvenience to its

2   principal witness, Dr. Norm Zadeh, the President of Perfect 10.

3   See Pl.'s Opp'n at 14.   Plaintiff claims that Zadeh is a

4   securities trader that needs daily access to his computers and

5   other office equipment in order to conduct his business.  See id.

6   As such, requiring Zadeh to appear in Ohio would hamper his

7   trading activities.   See id.  By contrast, Defendants anticipate

8   only that one or more of Defendant Yappel's family members will

9   testify on behalf of Defendants, and that failing to transfer

10  will require them to travel to this forum.   See Defs.' Reply at

11  5.   On balance, the Court concludes Defendants have failed to

12  show sufficient inconvenience to its witnesses, as compared to

13  the inconvenience to Plaintiff's witness, to overcome the

14  deference accorded to Plaintiff's choice of forum.

15        Defendants also argue that the action should be transferred

16  because all pertinent information and other discovery materials

17  are located in Ohio.  See Defs.' Am. Mem. at 10.   However,

18  Defendants have failed to show why these materials cannot be

19  efficiently transported to California.   See id.; see also Law

20  Bulletin Publ'g Co. v. LRP Publications, Inc., 992 F.Supp 1014,

21  1018 (N.D. Ill. 1998) (noting that the "court is satisfied,

22  however, that either party can easily bring to the district in

23  which the case is litigated those documents that are not already

24  there").   Furthermore, Defendants claims that requiring them to

25  litigate in California would effectively deny them the ability to

26  present an adequate defense.  See id.  Again, Defendants have

27  presented no concrete facts showing how they would be denied the

28  ability to present an adequate defense.   See id.   Therefore,

- 17 -

1  Defendants have failed to prove that a denial of transfer would
2  unjustly inconvenience them.

3       Finally, the interests of justice must be weighed.  See A.J.
4  Indus., 503 F.2d 386-87.  Defendants argues that requiring them
5  to litigate in California would financially prohibit them from
6  presenting an adequate defense.  See Defs. Reply at 11.
7  Plaintiff, however, correctly points out that it would be unfair,
8  and unduly burdensome to limit Plaintiff's choice of fora to only
9  those where the accused copyright infringers reside.  See Pl.'s
10 Opp'n at 13.  Plaintiff should not be required to attempt to
11 enforce its copyrights in these untold number of jurisdictions.
12 See id. at 13-14.  Therefore, the interests of justice weigh in
13 favor of Plaintiff.

14      "Unless the balance of factors is strongly in favor of the
15 defendants, the plaintiff's choice of forum should rarely be
16 disturbed.  See Sec. Investor Protection, 764 F.2d at 1317.
17 After weighing the above three factors, the Court concludes that
18 Defendants have failed to meet their heavy burden of showing that
19 transfer to the Northern District of Ohio is warranted.  By
20 contrast, Plaintiff has shown that transfer to Ohio would greatly
21 inconvenience itself, and its main witness.  Therefore, for the
22 aforementioned reasons, Defendants' motion to transfer this case
23 to the Northern District of Ohio is DENIED.

24
25
26
27
28

1    IV.   CONCLUSION

2         For all of the foregoing reasons, Defendants' motion to

3    dismiss for lack of personal jurisdiction is DENIED as to

4    Defendant Brainstorm, and GRANTED as to Defendant Yappel.

5    Defendants' motion to dismiss for improper venue is DENIED.

6    Finally, Defendants' motion to transfer the action is DENIED.

7

8    IT IS SO ORDERED.

9    DATED: _February 7, 2001_          _Lourdes L. Baird_
                                         LOURDES G. BAIRD
10                                       United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28